We're ready to proceed with the sole, the one case on the calendar this afternoon, which is 21-2460 Loughlin v. Goord, G-O-O-R-D. And we'll begin with hearing from Ms. Reisbaum. Thank you, Your Honors, and good afternoon, and nice to meet you, Mr. Bonner. My name is Emily Reisbaum. I represent the plaintiff's appellants, Harry Ruhland, Suzanne Loughlin, and James Satterfield. The decision below granting the motion to dismiss should be reversed. The plaintiff's shareholders sufficiently state claims for both breach of fiduciary duty, which I'll talk about first, and libel against Director Defendant Glenn Goord. Now, on the breach of fiduciary duty claim, it is not disputed the plaintiffs were shareholders at the time. They appropriately bring claims that Goord, a director of RECOR, committed unfair and wrongful acts and thus breached his fiduciary duties to them by, and I'm quoting from the complaint in paragraph 72, using RECOR as the instrument of Berman's desire to exact revenge for the whistleblower complaint. And he committed those wrongful acts in six different ways. One was participating in the demotion of Mr. Ruhland, which deprived Mr. Ruhland of options and some control over the company in his role as president. Ms. Weissbaum, before you get to the six ways, let me just make sure we're in agreement on the law. If it was just based on the refusal to allow them to exercise their warrants, I think you would agree that under Delaware law, they could not bring a breach of fiduciary duty claim if it was only the exercise of the warrants, right? Yes, if the claim for breach of fiduciary duty overlapped entirely with the contract claim for breach of the exercise of the warrants, then the fiduciary duty claim would not be permitted. It would be suppressed. Right. And the district court, at the oral argument, I know you weren't counsel below, but specifically asked the lawyer at the end of the argument when the subject turned to the breach of fiduciary duty claim, what acts do you allege were part of the breach of fiduciary duty? And counsel, in response to that question, although I know you're accurately stating what was in the complaint, only mentioned the warrants, the denial of the warrants. So why wasn't the district court entitled to rely on that as, I guess, a narrowing of what the claim was with respect to the breach of fiduciary duty? Well, that's a good question, Your Honor. I don't believe that the statement used the term narrowly or solely about the warrants. And so if that's what came to mind at the moment, but we are talking about the complaint. And in paragraph 71 and 72, it itemizes, you know, and also in 69, the full list, there are six different elements. I know, but I mean, I read the transcript. This is what the judge asked counsel. I want to make sure I analyze it thoroughly and carefully. What are the acts that you say that Mr. Gore took to constitute a breach of fiduciary duty? And again, the response was only about the warrants. And at the end, he said, that's the breach of fiduciary duty. So why isn't a district judge, you know, at all arguments that happens all the time. Lawyers abandon claims. They, you know, withdraw claims. They narrow claims. I'm not sure why we shouldn't read that as a decision to, you know, narrow the claim. Well, Your Honor, it wasn't, I don't believe the question was put that way. It wasn't, are you, you know, are you, we're clear now you are narrowing your warrant claim and you are saying these other matters that we've talked about, that you've briefed about, that are in your complaint, you're taking those off the table. It wasn't quite put that way. I understand what you're saying, but I think it's a kind of harsh result to sort of take the complaint and take the briefing and say, you know, we're just going to look at this one sort of truncated question and argument and to, to read the claims of a lot of their. Let's look at another way. It may be that the lawyer did narrow it, but I take your point that you don't think that's fair. But after the opinion came down, the judge wrote a 36 page opinion. And he said he understood that the contract claim concerned the warrants and the contract claim was sort of overtaken by the fiduciary claim was overtaken by the contract claim. So he thought, and when he wrote this long opinion that he was dealing with the failure to honor the warrants. When you got that 36 page opinion, or the trial counsel go back to the district court and say judge you just forgot five of our six critical arguments here. And we want to motion for reconsideration so we can set you straight on how broad our claim is. Did anybody do that. No, Your Honor and just to be clear, the council and it was not us at the time. We're not required to do that we could, you know, sort of read. And I'm not suggesting you, you fail to do something that was required or even appropriate. What I am suggesting is that not only did the trial counsel and answer to the judges question. Think the contract, the fiduciary claim was limited to the contract claim. But after you saw the judge say so in a careful opinion. Nobody thought it was useful to go back to the judge and say, we really have a bigger face of this nobody did that. So, but now you're here telling us we should tell the district judge. He unduly narrowed the claim. And I'm just wondering how we can do that. When the council before the ruling and counsel after the ruling didn't dispute that it was a breach of the warrant claim. Well, I hear what you're saying, Your Honor, and, and you certainly have that authority and I can imagine you would do it without placing fault necessarily court, it's not fault at all. I'm just saying that's what happened. So I think you have to give us a reason why we shouldn't rely on all that. Well, I just because it wasn't our obligation I mean I feel like it's a really high burden to put on a party arguing the motion to dismiss when he's not really put squarely with the question. We're clear now you are, you know, not taking that's I get that that's why that's why I combined in my question not only what he said, as Judge Bianco pointed out, but what he had time to reflect on after he read a 36 page opinion. He wasn't under the gun. That week. Yes, Your Honor, and I wasn't part of that process so I can't speak to it. All I can say is, we're looking on the record that we have now what the complaint alleges the complaint alleges much more than the warrant as part of the campaign of retaliation. I appreciate all the work and effort that Judge Lyman put into that decision. That's, you know, this is all not a reason that the plaintiffs should should suffer this result when we do have this avenue to come to the Court of Appeals and, and make our arguments that it's limited to the breach of warrant claim is, is that live and rule is that sufficient to defeat your fiduciary claim. Sorry. If it's if. I'm sorry, we take the case as one that that by the end of the trial and particularly after the opinion came down as a case that was as far as the breach of fiduciary claim is is limited to the failure to honor the warrants. If we take it as limited to that. Does that thoroughly defeat your breach of fiduciary duty claim. I don't think so, Your Honor, because I still think that that the intent to defeat the warrants, still, you know, even if you're only looking at the warrants, it's still part of the campaign for to retaliate against our clients. With your permission, if I used to ask you one question about the defamation. Yeah, please. So, as you know, the, the, in the tape queue, they indicated that they were rescinding the warrants because of fraudulent inducement in the purchase agreement, which I guess is based upon what they argue were material misrepresentations and omissions concerning the franchise business and prospects. So, for purposes of pleading, though, other than just stating that they acted with, you know, knowingly or in requisite disregard for the truth or with ill will. Is there anything in the complaint, again, a statement of fact, or anything that suggests that Mr. Gord didn't believe that that that he knew that that was false or had reason to believe it was false. What allegation is there on the conclusions? The allegation is that and construing all inference in the plaintiff's favor. The fact that this statement in the 10 Q was part of this retaliation retaliatory campaign for the whistleblower complaint lens. Suggests the high probability that that statement was false because it wasn't, again, just the statement in the 10 Q it was the demotion, it was the forced resignations the breach of the personal service agreement, the refusal to honor the warrants and the lawsuit so all I know but the law says if it can't be just general bad feelings towards the person it has to be. It will as it relates to the statements. So, correct. So it will be a lot of reasons why he didn't like, you know, your clients, but it's also still be true what he what he said. So, what, what is, what is it to suggest that he knew that that particular statement was not true. Yes, well it's that he knew, you know, we haven't had discovery yet so we're and just to be clear all those those cases cited on defamation, there's summary judgment cases they're not motions to dismiss and the one that's a motion to dismiss Fuji photo allowed So just let's sort of keep that procedural distinction in mind but so, but for the purposes of the motion to dismiss. It's the, the fact of the retaliatory campaign that is a dishonest measure. That's what gives credence to the idea that that Gord had notice was highly aware that the statement in the 10 Q was probably false and further wasn't necessary, because the, the, the record could have put in a statement that there was a question about the fact that they included in that. Sorry, I got it. All right. Thank you. Thank you, and thank you. Judge and thank you, Mr. You've reserved three minutes for rebuttal. We'll hear from Mr. Bonner. Thank you, Your Honor. Thank you. You're on mute, Mr Bonner. So sorry about that. There you go. I knew I was going to make that mistake and rookie mistake. My name is Jim Bonner may please the court. I represent the defendant claim forward. I just want to first correct two things that I believe Miss Rice found had misstated she said there's been no discovery. In these cases, the principal case which is the case against record related to the exercise of the warrants was scheduled to go to trial in about two weeks, because the plaintiffs retain your counsel that travels put off but there's been full discovery in this matter with respect to all relevant issues. Secondly, as well as asking you on that is it their counterclaim for breach of contract breach of contract with respect to the warrants is that part of that case to it. Yes. Yes, Your Honor, but secondly, Miss Rice gum had mentioned that perhaps they should be giving given a chance to replete and I would just say that they've had four chances here to elect their claims that failed on each occasion. So certainly this is not a case that should be given yet another chance to replete for seems plenty. So this is one of five needlessly redundant cases that the plaintiffs are pursuing related to the exercise of their warrants. Judge Lyman correctly dismissed the breach of fiduciary duty claim, I think that that's most clearly illustrated by the NEMEC case that we brought to the court's attention last week in a rule 28 J letter, and that sets forth the principle that if you are And by no means was NEMEC the only decision that we cited in that regard there were a number of cases that were directly on point involving shareholders who also had either debt or preferred stock that was based on contract rights and the courts in those cases uniformly dismissed those claims as being superfluous to the case authority wouldn't apply then then there could be a breach of fiduciary duty for example with respect to a demotion that's sort of a classic type of allegation that's made with respect to breach of fiduciary duty right. I would respectfully disagree, Your Honor, and here's the reason why the demotion, of course, would arise from an employment contract that the plaintiff would have. And in that case, again, the claim would be related to the contract one as a shareholder does not have a right to continue on as an employee of a company. And so, what we saw in the reply brief was that the defendants put forth, or the plaintiffs rather put forth three different out of the six that Ms. Reisbaum briefly alluded to today, but there were three that were mentioned in their reply brief that they tried to salvage the breach of fiduciary duty claim with. First, they said that Mr. Rulon was demoted. Secondly, they said that they had an obligation to defend the rescission claim. And third, they claimed that there had been a libel that had been made against them. None of those alleged wrongs, Your Honor, are related to your status as a shareholder. Just because I'm an executive at a company and I have shares, there's no fiduciary duty that's owed to me that I can continue on in my position as an executive of the company. You have no right as a shareholder of a company to be immune from litigation that relates to a breach of your contract rights. So you think the district court decision in Delaware, Harada, that you just think that's wrong, right? Because the district court there came to the opposite conclusion. I don't think it's distinguishable. Other than what happened at the oral argument here, if you just go by the complaints, I don't think there's anything distinguishable about the complaint here, right? I think that's correct, Your Honor. We said in our briefs, and I believe that the case, the Laughlin case, it was wrongly decided. I do think that the court there did distinguish Judge Lyman's decision. He said that the plaintiffs in Delaware had an alleged broader wrongdoing than just the exercise of the warrants. But I do think at bottom, the decision was incorrect because it failed to take into consideration cases like Mimic and also cases saying that you can't marry a breach of fiduciary duty with a breach of contract and then transform that into a breach of fiduciary duty claim. And I think also it's important to note, Your Honor, if we look at the reply brief on page four, this is not in the district court. This is in the Court of Appeals in this proceeding. The plaintiffs said that the measure of damages, the only measure of damages for the alleged breach of fiduciary duty is the exercise of their warrants. All their damages flow forth from their inability to exercise their warrants. It has nothing to do with one of the plaintiffs being demoted, has nothing to do with their need to defend the rescission claim. They admit, page four of the reply brief, that all of their damages relate to the inability to exercise the warrants. So for that reason, Your Honor, I think it's quite clear that the breach of fiduciary duty claim is totally without merit and was properly dismissed by Judge Lyman. Let me ask you a question about the defamation claim. I think that, you know, there's a back and forth about what they conceded at the oral argument with respect to that as well. My understanding of what was conceded, and you can correct me if I'm wrong, is that there's an obligation in a 10-Q to report outstanding warrants. You know, people purchasing shares, we have the right to know that, obviously. But their argument is, and I didn't see any concession about this at the oral argument, is that the company doesn't have to give the reason that they are refusing to honor the warrant. So what's your response to that? I think twofold, Your Honor. Number one is, it seems quite clear to me that in order to inform your shareholders of the relevant material information, which is the obligation that the directors have, of course, they just can't generally say that there's an issue with respect to rescissions, because shareholders are obviously quite curious as to why these warrants are being rescinded and whether there's any merit to the company's claim. So I think stopping at the mere fact that there has been an issue raised with respect to rescission, when the directors are aware of the reason why the company is challenging the plaintiff's ability to exercise the warrants, would not fulfill their duties as directors. Are you relying just on the logic of that, or is there any case? I couldn't really see any case authority that says that a company has an obligation under the securities law to disclose that type of detail. Is there a case that says that? I can't quote you a case right now, Your Honor, but generally what the case law says with respect to disclosures is that when you disclose facts, you have to disclose everything that's material about that set of circumstances. And that's in order to make shareholders aware of the information that might affect the stock price. And here it's going to affect the stock price, whether the plaintiffs are able to exercise their warrants and therefore dilute the existing shareholders. And so in order for investors to make rational decisions about whether they're going to invest in Recor and at what price, this is a publicly traded company, of course, they need that information with respect to what the reason was for the company rescinding the shares. I think the second point, perhaps even more important, Your Honor, than the first with respect to this issue, is that it doesn't matter what the company said in the questioning that was put to Ms. Say, the company, that there was a basis for rescission and that basis was fraud. But there's no allegation anywhere in the complaint with respect to Mr. Gord's state of mind. What did he know at the time the statement was made in the 10Q? These folks, the plaintiffs, they were the principal executives of this entity and they're the ones who sold this entity to Recor. And they don't tell us any fact, no fact about what Mr. Gord knew at the time the 10Q was filed. They don't tell us any document that he saw. They don't tell us any statement they made to him. They don't tell us any fact whatsoever about why it is that Mr. Gord knew at the time that the 10Q was filed that that statement was false. And that's the essence of the qualified privilege that applies in this circumstance. And I think it's important, Your Honors, to note there's no dissent here. There's no question that there is a qualified privilege that applies. And there's also no question. Everyone agrees that that qualified privilege has a very high standard, a high bar to jump over in order to assert a libel claim in these circumstances. You have to either have common law or actual malice. Actual malice is that standard that we all remember from law school. It's either your knowledge or your reckless regard for the falsity of a statement, common law, malice and even higher standard. You have to show that ill will was the sole, the only motivating factor for the filing of the 10Q. They simply can't satisfy that here, Your Honor. Certainly there was a need to file the 10Q. They had an obligation as the directors of a public company to file it. And so the case law in that circumstance defeats the possibility of showing common law malice. And as to actual malice, it gets back to the issue that I spoke about earlier, is that these folks at the center of the company, the principal executives, the ones who sold this business to Recor can't tell us any fact that Mr. Gord was aware of at the time the 10Q was filed that showed that the statement was false. Now, in their reply, they say, oh, well, that's OK, because we left the company eight months before the 10Q was filed. But that answer doesn't get them anywhere at all, because the rescission relates to the facts as they existed at the time that their subsidiary Firestorm was sold to Recor. And at that time, they're right at the center of all this activity. And despite that and years of discovery that they've had in these other litigations, they've never identified a single fact that Mr. Gord was aware of that would indicate that he thought at the time the 10Q was filed that it was false. So for all of those reasons, your honor, the fiduciary duty claim is dead in the water. The Delaware Supreme Court has told us that you cannot maintain a fiduciary duty claim based on rights that are arising out of a contract and the libel claim. They had four chances to amend. They've had years of discovery and they've never told us a single fact that Mr. Gord was aware of at the time that the 10Q was filed. So for all those reasons, your honors, the court should affirm Judge Linder's opinion in all respects. Mr. Bonner, maybe I could, now that you've mentioned it a few times, the existence of these other cases, if you could just pause for a moment and give us your view of the terrain. What are these other cases and what ways are they relevant here? I would call the principal case the case that's pending in the Southern District that was scheduled to go to trial in two weeks. That's the case that involves a recor as a defendant. And there's there are claims with respect to the exercise of the warrants on both sides. We have an affirmative claim that the war agreement should be rescinded. They have, of course, their counterclaim that the warrants should we should be compelled to allow them to exercise the warrants. That case, which again was going to trial in two weeks, is going to decide all the relevant issues that are before the court. Was there fraud? Did Recor act improperly? I think that that's largely going to be a res judicata or issue preclusion with respect to most of the issues in the case. The other cases are against an elated case before Judge Lyman. That case is pending before Judge Lyman. Yes. Yes. Yes. Yes. The other cases are against individual directors in different jurisdictions. They're all at different stages. There's a state court case in New York that was dismissed on the same for the same reasons that we're discussing here today. The case in Delaware, as the court noted earlier, was sustained, allowed to go forward. We respectfully disagree with the district court judges there. And then there's a case that's pending in Virginia, which, frankly, I'm not involved in at all. I think it's proceeding, but it's it's not it's not at the stage that the case before Judge Lyman's at where the case the related case before Judge Lyman. Are we. Is this in any sense redundant? I mean, what if we decide this case in your favor and let's say we do this tomorrow? How does that affect a related case, if at all? I don't think, Your Honor, that it would affect the related case at all. Judge Lyman issued his opinion, denying summary judgment in that case. He was well aware of what he had done in terms of dismissing this particular action. So that case is going to need to go to trial. I think, though, once the trial is resolved and some of the factual issues that are the subject of the party's dispute are resolved, that there is going to be issue preclusion issues going forward in this case. If your honors were to to reverse Judge Lyman with respect to this case. Fine. Thank you, Mr. Bonner. We'll hear from Miss Reisbaum who is reserved some time. Thank you, Your Honors. Now, just to clarify, page four of the reply brief that I was miscited, it says that part of the basis of our breach of fiduciary claims involves the warrants. It doesn't say all of it. Harada is not distinguishable from this case. And you can compare paragraph 78 to 76 to 78 in Harada are the same as paragraph 71 to 72 in Gourd, in which all of the six elements of the retaliatory campaign are identified. No more, no less. Nemec does stand for the unremarkable proposition that where a contract claim is entirely duplicative of the breach of fiduciary duty claim, the contract claim, the fiduciary duty claim is superfluous. That's not the situation we have here for the reasons I've said before. And just to be clear, the warrants did impact the decision about the warrants, did impact the plaintiff's rights as shareholders because it prevented them from fully exercising their rights to the detriment of the remaining shareholders, including the defendant Gourd, who would potentially have the opportunity to take advantage of those additional warrants. On defamation. OK, the first point, this whole idea that that a qualified privilege applies is a novel idea. Judge Lyman cites no authority beyond two lower court cases, one applying Delaware, a Delaware court, applying South Carolina law and the other a New Jersey court. So I just want to pause there for a minute. It's very dangerous territory to go beyond the scope of the qualified privilege as happened here on these facts. It was not a statement fairly made by one or by one person to another upon a subject about which both have an interest. If you apply that test here, even if report had an interest to inform parties about that dispute, it could have done so without including that fraudulent inducement language and certainly saying fraudulent inducement doesn't give the listeners any idea as to the strength or merits of the claim. And let me be clear, there is no merit to the claim and the plaintiffs are well aware. And that's what the fight is about in the in the case against record before Judge Lyman. But the plaintiffs are not charged with knowing when they were not on the board at the time. What Mr. Gord knew at that time in 2018 about what statements, what he knew when he when the 10 Q statement was made. So I think it's an improper conflating. Yes, they well know that plaintiffs well know that there's no basis to the fraudulent inducement claim. But that doesn't mean that they have allegations and they have not to post Mr. Gord to support the knowledge that he had as a board member in 2018 when our clients were not. Wasn't Mr. Gordon deposed in the other case that was about to go to trial? Wasn't he deposed in that case? He was not, Your Honor. All right. Thank you. I'm happy to answer any other questions. Well, thank you, Miss. I will reserve decision.